IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:11CR214–HEH |
| | ) |
| DAVID DARNELL LOWERY, | ) |
| | ) |
| Petitioner. | ) |

FILED
MAR 2 0 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

David Darnell Lowery, a Virginia inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence ("§ 2255 Motion," ECF No. 90). On October 20, 2016, the Government filed a Motion for Leave to File Out of Time a Response to Defendant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 ("Motion for Leave to File," ECF No. 97), as well as its Response (ECF No. 98). Because Lowery is not prejudiced by the Government's late response, the Motion for Leave to File (ECF No. 97) will be granted. In its Response, the Government asserts, *inter alia*, that Lowery's § 2255 Motion is barred by the statute of limitations. (Gov't's Resp. 3–6.) For the reasons set forth below, Lowery's § 2255 Motion will be dismissed as untimely.

**I. PROCEDURAL HISTORY**

On August 16, 2011, a grand jury charged Lowery with one count of conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and one count of using, carrying, and brandishing a firearm during and in

relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). (Indictment 1–7, ECF No. 1.) On November 28, 2011, Lowery entered into a Plea Agreement and pled guilty to Counts One and Two. (Plea Agreement ¶ 1, ECF No. 28.) On February 27, 2012, the Court entered judgment against Lowery and sentenced him to a total of 294 months of imprisonment. (J. 2, ECF No. 63.) The Court sentenced Lowery to 210 months on Count One and 84 months on Count Two, to be served consecutively. (*Id.*) The Court also directed that Lowery's sentence "be served consecutively to the sentence imposed by the Fredericksburg Circuit Court on August 17, 2011." (*Id.*) Lowery did not appeal.

Lowery filed the present § 2255 Motion on July 7, 2016.[1] (§ 2255 Mot. 14.)[2] In his § 2255 Motion, Lowery raises the following claims for relief:

Claim One: "The Petitioner is actually innocent of his sentence in Count #2 of Indictment, where he pled guilty to a count that charges multiple [offenses]." (*Id.* at 4.)

Claim Two: "Trial counsel was ineffective for failure to challenge the duplicity in Count #2 of my Indictment." (*Id.* at 6.)

---

[1] Lowery did not date his § 2255 Motion. Moreover, the return address on the envelope in which the § 2255 Motion was received indicates that an individual in Upper Marlboro, Maryland mailed Lowery's § 2255 Motion to the Court on Lowery's behalf. (§ 2255 Mot. 14.) The envelope indicates that this individual mailed the § 2255 Motion on July 7, 2016. Because Lowery did not mail his § 2255 Motion himself, he is not entitled to application of the mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 276 (1988). Nevertheless, because Lowery's § 2255 Motion is clearly untimely, the Court uses July 7, 2016 as the filing date.

[2] The Court employs the pagination assigned to Lowery's § 2255 Motion by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Lowery's § 2255 Motion.

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Lowery did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, March 12, 2012, the last date to file an appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Lowery had until Tuesday, March 12, 2013 to file any motion under 28 U.S.C. § 2255. Because Lowery did not file his § 2255 Motion until July 7, 2016, the motion is untimely under 28 U.S.C. § 2255(f)(1).

3

### B. Actual Innocence

In his § 2255 Motion, Lowery asserts that "[t]he one year statute of [limitations] does not apply in this case because the Petitioner is actually innocent of his sentence in Count #2 of his indictment." (§ 2255 Mot. 12.) The Supreme Court has recognized that a convincing claim of actual innocence of the crime of one's conviction may allow a court to consider an otherwise time-barred claim. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933–34 (2013). The Fourth Circuit, however, has concluded that "*McQuiggin* does not apply to habeas claims based on actual innocence of a sentence." *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1467 (2015). Thus, Lowery has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

### III. CONCLUSION

For the foregoing reasons, Lowery's § 2255 Motion (ECF No. 90) will be denied. The Government's Motion for Leave to File (ECF No. 97) will be granted. The action will be dismissed as barred by the statute of limitations. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 17, 2017
Richmond, Virginia

---

[3] Neither Lowery nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4), or for equitable tolling.