IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA, )
)
v. ) Criminal Action No. 3:11CR214–HEH–01
)
DAVID DARNELL LOWERY, )
)
Defendant. )

## MEMORANDUM OPINION
(Granting § 2255 Motion)

David Darnell Lowery, a federal inmate proceeding with counsel, filed this successive 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 135) arguing that his firearm conviction is invalid under *Johnson v. United States*, 576 U.S. 591 (2015). The Government has filed its Response and concedes that Lowery is entitled to relief. For the reasons stated below, the § 2255 Motion will be granted.

### I. PROCEDURAL HISTORY

On August 16, 2011, a grand jury charged Lowery with one count of conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). (Indictment 1–7, ECF No. 1.) On November 28, 2011, Lowery entered into a Plea Agreement and pled guilty to Counts One and Two. (Plea Agreement ¶ 1, ECF No. 28.) On February 27, 2012, the Court entered judgment against Lowery and sentenced him to a total of 294 months of imprisonment. (J. 2, ECF No. 63.) The Court sentenced Lowery

to 210 months on Count One and 84 months on Count Two, to be served consecutively. (*Id.*) The Court also directed that Lowery's sentence "be served consecutively to the sentence imposed by the Fredericksburg Circuit Court on August 17, 2011." (*Id.*) Lowery did not appeal.

On March 20, 2017, the Court denied Lowery's first § 2255 motion. (ECF Nos. 99, 100.) On June 23, 2020, counsel filed a second, successive, § 2255 motion that the Court denied because Lowery had not received permission from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion. (ECF Nos. 109, 110.) On March 5, 2021, the Fourth Circuit granted Lowery permission to file a successive § 2255 motion. (ECF No. 130.) On March 12, 2021, Lowery filed the present § 2255 Motion. Lowery argues that his conviction and sentence in Count Two must be vacated in light of *Johnson v. United States*, 576 U.S. 591 (2015). The Government agrees that Lowery is entitled to relief.

## II. ANALYSIS

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[1] The

---

[1] The ACCA provides that:

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

2

*Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

In his § 2255 Motion, Lowery asserts that after *Johnson*, conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated. As explained below, recent decisions from the Supreme Court and the Fourth Circuit support Lowery's challenge to Count Two where his firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery.

### A. Conspiracy to Commit Hobbs Act Robbery Cannot Serve As a Valid Predicate Crime of Violence for the § 924(c) Charge in Count Two

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of

---

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Lowery's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) ("[Section] 924(c)(3)(B) is unconstitutionally vague.").

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit has determined that conspiracy to commit Hobbs

4

Act robbery fails to satisfy the Force Clause. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232–33. Initially, the parties and the Fourth Circuit agreed that:

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236; *accord Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

In the wake *Davis* and *Simms*, the Government concedes that conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for a § 924(c) charge and agrees that the conviction for Count Two and the 84-month sentence should be vacated. (ECF No. 118–1 at 1.)

### B. Count Two Must Be Vacated

In light of *Davis*'s invalidation of the Residual Clause and the Fourth Circuit's determination in *Simms* that conspiracy to commit Hobbs Act robbery is not a valid predicate violent felony under the Force Clause, Lowery's conviction in Count Two and

resulting 84-month sentence is no longer valid. Accordingly, Lowery's conviction and sentence for Count Two will be vacated.

### C. The Matter Will Be Set for a Resentencing

The Government requests that the Court "should order a resentencing at which defendant and the government can urge an appropriate new sentence" for remaining Count One. (ECF No. 140 at 4.) Lowery has not objected to a resentencing. Accordingly, the Court will vacate the Judgment entered on February 27, 2012. The matter will be set for a resentencing on Count One.

### III. CONCLUSION

The § 2255 Motion (ECF No. 135) will be granted. Lowery's conviction and 84-month sentence for Count Two will be vacated. The Judgment will be vacated, and the matter will be set for a resentencing on Count One.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: May 26, 2021
Richmond, Virginia